IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES W. GRIFFITHS, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:19cv503–HEH
)
NATIONSTAR MORTGAGE, LLC, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
### (Granting Plaintiff's Motion to Remand)

This is a civil action alleging a violation of Va. Code Ann. § 44-102.1, Virginia's codification of the Servicemembers Civil Relief Act ("the SCRA"), 50 U.S.C. § 3901, *et seq.* The case was originally filed in the Circuit Court of Caroline County, Virginia. Although Plaintiff's entitlement to relief is based on application of Virginia law, Defendants maintain that significantly related issues turn on the application and interpretation of a federal statute. Based on this premise, Defendant Nationstar Mortgage, LLC removed this case to the United States District Court. Arguing that this Court lacks federal question jurisdiction because it is governed by Virginia law, Plaintiff now urges this Court to remand it back to the Circuit Court of Caroline County.

The parties have filed well-crafted memoranda supporting their respective positions[1], and oral argument was held on October 3, 2019. This Court's analysis of the

---

[1] Defendant Nationstar Mortgage, LLC filed its Response in Opposition to the Motion to Remand. Defendant Cyprexx Services, LLC filed its Response in Opposition, which asked the Court to adopt the position filed by Nationstar Mortgage. They will be collectively referred to as

jurisdictional issue is guided in large measure by the Court of Appeals for the Fourth Circuit's opinion in *Burrell v. Beyer Corp.*, 918 F.3d 372 (4th Cir. 2019).

Drawing from a wealth of time-honored authority, the Fourth Circuit began its analysis by explaining in *Burrell* that "[a]s the Supreme Court has emphasized, [28 U.S.C.] § 1331 confers federal jurisdiction over state-law causes of action only in a 'special and small' class of cases." 918 F.3d at 376 (quoting *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). Importantly, the Fourth Circuit highlighted that "[c]ases generally are deemed to 'arise under' federal law when it is federal law, not state law, that creates the cause of action." *Burrell*, 918 F.3d at 378–79 (quoting *Merrill Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

In explaining the narrow application of federal question jurisdiction in cases arising under state law, the court in *Burrell* noted that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Burrell*, 918 F.3d at 384 (citing *Merrill Dow*, 478 U.S. at 813). "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that 'every legal theory supporting the claim requires the resolution of a federal issue.'" *Burrell*, 918 F.3d at 383 (quoting *Dixon v. Coburg Dairy Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc)). "In other words, so long as 'even one theory' for each of the [plaintiff's] claims does *not* require 'interpretation of federal law,'

---

"Defendants." A third Defendant, Dorothy Bennett, did not respond to the Motion to Remand, but instead filed a separate Motion to Dismiss, which this Court will not address here.

2

resolution of the federal-law question is not necessary to the disposition of their case." *Id.*

In illustrating the analytical framework used in *Burrell*, the Fourth Circuit noted that "[t]he 'classic example,' according to *Grable*, is a federal question regarding the constitutionality or construction of a federal statute, . . . . As a practical matter, a 'substantial' question generally would involve a 'pure issue of law,' rather than being 'fact-bound and situation-specific, . . . .'" *Id.* at 385 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–13 (2005); *McVeigh*, 547 at 700–701)).

> The provision of the Virginia Code at issue in this case reads in pertinent part:
>
> Any right, benefit, or protection that may accrue to a member of the Virginia National Guard under the federal Servicemembers Civil Relief Act (50 U.S.C. § 3901, *et seq.*), as a result of a call to federal active duty service under Title 10 of the United States Code shall be extended to a member of the Virginia National Guard called to active duty service under Title 32 of the United States Code, or to state active duty by the Governor, if the active duty orders are for a period of 30 consecutive days or more.

Va. Code Ann. § 44-102.1(A).

To support their claim of federal jurisdiction, Defendants maintain that "it will be virtually impossible for the parties to litigate such claims without looking to, relying upon, and applying federal statutory law and federal case law." (Notice of Removal 6, ECF 1.) Defendants point out that Va. Code Ann. § 44-102.1 "directs the litigant to the SCRA without providing any further instruction regarding what 'right, benefit, or protection' the SCRA provides or how it should be applied." (*Id.* at 7.) Furthermore, to

3

be entitled to protection, "[t]he litigant also must satisfy the definition of 'active duty' as defined by the federal statutory law." (*Id.*; *see* 10 U.S.C. § 101(d)(1).)

While this case is closely moored to the SCRA, it principally turns on whether the Defendant mortgage lender was in compliance with that Act during Plaintiff's period of active military service. The statutory requirements are clear—state law creates the cause of action. As a member of the Virginia National Guard, Plaintiff was entitled under Va. Code Ann. § 44-102.1 to the benefits and protections of the SCRA when called to active duty for 30 consecutive days or more. Among the benefits accorded servicemembers upon activation is a limited mortgage interest rate on obligations incurred prior to active duty. *See* 50 U.S.C. § 3937. There is no allegation that the underlying federal statute is unconstitutional in any relevant application.

The claims in this case evolve from the Defendants' alleged failure to comply with the provisions of § 44-102.1 during and after the Plaintiff's deployment to Iraq from 2004, 2005, and his return to active duty from 2006 to 2017. In addition to seeking relief under § 44.102.1, Plaintiff also seeks consequential damages for intentional infliction of emotional distress, trespass, ejectment, and conversion of personal property under Virginia law.

Contrary to the Defendants' theory of removal, this case does not involve a disputed question of federal law. "Specifically, Griffiths' claims under Virginia Code § 44-102.1 inevitably require review, interpretation, and application of the federal statutory law it wholly adopts." (Def. Nationstar's Resp. Opp'n to Mot. Remand 2, ECF No. 28.) The underlying federal law is not in dispute. The central issue is whether it was

violated by the corporate defendant as applied under Virginia law. There is no issue of federal preemption in this case.

The mere fact that Plaintiff's claim may raise a federal issue, such as his qualification for SCRA protection, is insufficient to constitute a substantial question of federal law. Here, the state and federal laws simply provide parallel remedies.

Finding an absence of federal question jurisdiction, this Court will grant the Plaintiff's Motion to Remand this case back to the Circuit Court of Caroline County.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 10 2015
Richmond, VA

5